# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| JJM, LLC, | )<br>) |
|    Plaintiff, | )<br>) |
|       v. | )<br>) |
| UNITED STATES NATIONAL PARK SERVICE, | )  **COMPLAINT FOR**<br>)  **DECLARATORY AND**<br>)  **INJUNCTIVE RELIEF** |
| and | )<br>) |
| JOY BEASLEY in her capacity as KEEPER OF THE NATIONAL REGISTER OF HISTORIC PLACES, | )<br>)<br>) |
|    Defendants. | )<br>) |

NOW COMES JJM, LLC ("Plaintiff" or "JJM"), by and through undersigned counsel, and submits the following Complaint against the United States National Parks Service ("NPS") and the Keeper of the National Register of Historic Places ("Keeper") (collectively, "Defendant").

## PARTIES

1. Plaintiff JJM is a Maine limited liability company with its principal place of business in Southwest Harbor, Maine.

2. Defendant NPS is an administrative agency of the United States within the Department of Interior charged with maintaining the National Register of Historic Places (the "Register"). *See* 54 U.S.C. § 100301 *et seq.*

3. Defendant Keeper has been delegated the authority to determine whether certain properties are eligible for inclusion on and, when appropriate, list them on the Register. *See, e.g.*, 54 U.S.C. § 302104(c)(4); 36 C.F.R. § 60.3(f).

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court under 28 U.S.C. § 1331 because this action arises under the laws of the United States and Defendant's conduct creates an actual, justiciable controversy reviewable under the Administrative Procedures Act ("APA"). *See* 5 U.S.C. §§ 705, 706.

5. The requested declaratory and injunctive relief requested by Plaintiff is authorized by 28 U.S.C. §§ 2201, 2202 and 5 U.S.C. §§ 701-706.

6. Venue is proper in this Court under 28 U.S.C. § 1391(e) because the District of Maine constitutes the venue where (1) a substantial part of the events or omissions giving rising to these claims has occurred; (2) a substantial part of the property that is the subject of these claims is situated; or (3) one or more plaintiffs reside.

## LEGAL AND REGULATORY FRAMEWORK

7. The APA provides a right to judicial review for any person "suffering legal wrong because of agency action" or "adversely affected or aggrieved by agency action." 5 U.S.C. § 702. Actions that are reviewable under the APA include final agency actions "for which there is no other adequate remedy in a court." 5 U.S.C. § 704.

8. Pursuant to the APA, a reviewing court "shall . . . hold unlawful and set aside agency action, findings, and conclusions" that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," "in excess of statutory jurisdiction, authority, or limitations or short of statutory right," or "without observance of procedure required by law." 5 U.S.C. § 706(2)(A), (C), and (D).

## GENERAL ALLEGATIONS

9. On March 8, 2024, Plaintiff JJM filed a lawsuit against the S/V DELHI (the "Wreck"),

2

seeking title to the vessel or, if unavailable as a remedy, a salvage award for locating the Wreck and hopefully retrieving the artifacts that lay at the bottom of the ocean.

10. This case is still pending in the Federal District Court for the District of Maine. *See JJM, LLC v. S/V DELHI*, Docket No. 1:24-cv-00072-LEW (the "Lawsuit").

11. On April 16, 2024, the State of Maine ("State") filed a Statement of Right or Interest in the Wreck and intervened in the Lawsuit, alleging it acquired ownership of the Wreck under the Abandoned Shipwreck Act, 43 U.S.C. §§ 2101-2106.

12. At the time JJM filed the Lawsuit, the Wreck was not listed nor deemed eligible for inclusion on the Register, as referenced in 43 U.S.C. § 2105(a).

13. JJM and the State (the "Parties") engaged in discovery and each hired their own experts to investigate the Wreck.

14. The Parties' respective experts came to different conclusions about the Wreck's current state and vitality.

15. During the litigation, the State's Historic Preservation Officer ("SHPO") submitted the Wreck to the Keeper to determine whether it was eligible for listing on the Register.

16. JJM was not provided notice of the application to the Keeper until after it had been submitted.

17. The SHPO's application to the Keeper only included facts drawn from the State's expert report.

18. Because of the late notice, JJM lacked time (and the opportunity) to properly submit an opposition to the Keeper that highlighted the different conclusions of JJM's expert report.

19. The Keeper determined the Wreck is eligible to be listed on the Register.

20. In his determination, the Keeper acknowledged the information submitted by JJM's

experts, but disagreed and made his decision based on the State's experts' findings.

21. The Keeper's determination of eligibility has a detrimental effect on JJM's rights to the Wreck, and forecloses any further litigation or factual findings predicated on the Lawsuit.

## COUNT I – DECLARATORY JUDGMENT

**(APA § 706(A) – Agency Action is Arbitrary, Capricious, or Abuse of Discretion and Not in Accordance with Law)**

22. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

23. Federal law provides that "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704.

24. In the absence of review procedures specified by statute, an aggrieved party may file for agency review in "any form of legal action, including actions for declaratory judgments . . . in a court of competent jurisdiction." 5 U.S.C. § 703.

25. 5 U.S.C. ¶ 706(2)(A) provides that a "reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary [or] capricious."

26. There are no review or appeal procedures for the Keeper's eligibility determination outlined in federal statutes or regulations.

27. The Keeper's eligibility determination constitutes final agency action because it was the culmination of that decision-making process and conclusively determined the rights of the Parties with respect to the Lawsuit. *See*, *e.g.*, *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997); *Harper v. Werfel*, 118 F.4th 100, 116 (1st Cir. 2024).

28. The Keeper's determination of eligibility effectively precludes JJM from litigating its rights to the Wreck due to the State's narrow reading, and the Keeper's complicity, of the

constraints imposed by the Abandoned Shipwreck Act. *See* 43 U.S.C. § 2105(a)(3).

29. JJM is therefore left without any other adequate recourse either administratively or judicially and review by this Court is appropriate.

30. JJM contends that the Keeper's eligibility determination was arbitrary and capricious because it dismissed the facts contained within JJM's expert report and, instead, relied on the State's expert report without reviewing any substantive evidence or conducting its own investigation of disputed facts and disputed expert opinions.

31. Pursuant to the Abandoned Shipwreck Act, this Court is the final arbiter of determining eligibility of the Wreck for inclusion in the Registry.

WHEREFORE JJM respectfully requests the Court declare that the Keeper's eligibility was arbitrary and capricious, vacate the determination, and enjoin the Keeper from making any further determinations of eligibility as to the S/V DELHI until the Court has engaged in fact-finding as part of the Lawsuit, and such other and further relief this Court deems just and proper.

Date: September 22, 2022

      */s/ Benjamin Ford*
Benjamin Ford, Esq.

      */s/ Twain Braden*
Twain Braden, Esq.

      */s/ Grayson Szczepaniak*
Grayson P. Szczepaniak, Esq.
Attorneys for Plaintiff JJM, LLC

**ARCHIPELAGO**
1 Dana Street, 4th Floor
Portland, ME 04101
(207) 558-0102
bford@archipelagona.com

tbraden@archipelagona.com
gszczepaniak@archipelagona.com

6