UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| JJM, LLC<br><br>            *Plaintiff*,<br><br>  v.<br><br>NATIONAL PARK SERVICE and JOY BEASLEY, in her official capacity as Keeper of the National Register of Historic Places,<br><br>            *Defendants*. | Case No. 1:25-cv-00486 |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, the National Park Service and Joy Beasley, in her official capacity as Keeper of the National Register of Historic Places (collectively, "Defendants") hereby respond to the allegations in Plaintiff's Complaint for Declaratory and Injunctive Relief. The responses below correspond to the numbered paragraphs in Plaintiff's Complaint. Any allegations not expressly admitted, denied, or qualified are denied.

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and deny them on that basis.

2. Defendants admit that the U.S. Department of the Interior is an agency within the United States government and that the National Park Service is a bureau within the U.S. Department of the Interior. Defendants also admit that the Secretary of the Interior, acting through the Director of the National Park Service, has authority under the National Historic Preservation Act to "expand and maintain a National Register of Historic Places composed of districts, sites, buildings, structures, and objects significant in American history, architecture,

1

archeology, engineering, and culture." 54 U.S.C. § 302101. Defendants deny any remaining allegations in Paragraph 2.

3. Defendants admit that the Keeper of the National Register of Historic Places ("National Register") "is the individual who has been delegated the authority by NPS to list properties and determine their eligibility for the National Register" and that this authority may be redelegated as appropriate. 36 C.F.R. § 60.3(f). Defendants further admit that such authority has been delegated to Defendant Joy Beasley, and redelegated, as appropriate. Defendants also admit that Joy Beasley is the Keeper of the National Register. Defendants deny any remaining allegations in Paragraph 3.

4. The allegations in Paragraph 4 are legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the Court has subject matter jurisdiction but deny any remaining allegations.

5. The allegations in Paragraph 5 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

6. The allegations in Paragraph 6 are legal conclusions to which no response is required. To the extent a response is required, Defendants admit that venue is proper but deny any remaining allegations.

7. The allegations in Paragraph 7 purport to characterize the Administrative Procedure Act ("APA"), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the APA, Defendants deny the allegations.

8. The allegations in Paragraph 8 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the APA, Defendants deny the allegations.

9. The allegations in Paragraph 9 purport to characterize a court filing, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced filing, Defendants deny the allegations.

10. The allegations in Paragraph 10 purport to characterize the docket of a case in this court, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced docket, Defendants deny the allegations.

11. The allegations in Paragraph 11 purport to characterize a court filing, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced filing, Defendants deny the allegations.

12. Defendants admit that the *Delhi* Shipwreck is not individually listed in the National Register and had not been determined eligible for listing in the National Register as of March 8, 2024. The remaining allegations in Paragraph 12 purport to characterize 43 U.S.C. § 2105(a), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced statute, Defendants deny the allegations.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and deny them on that basis.

14. The allegations in Paragraph 14 are vague and ambiguous as to what experts and conclusions are being referenced and in what documents or forums those conclusions were made in, and Defendants deny the allegations on that basis.

15. Defendants admit that the Maine Historic Preservation Commission submitted a request for a determination of eligibility for the *Delhi* Shipwreck to the National Register pursuant to 43 U.S.C. § 2105 on June 12, 2025, during the pendency of *JJM, LLC v. S/V Delhi* (D. Me. No. 24-cv-72). Defendants deny any remaining allegations in Paragraph 15.

16. As to the allegations in Paragraph 16, Defendants admit that they did not notify Plaintiff of the Maine Historic Preservation Commission's June 12, 2025 request for a determination of eligibility for the *Delhi* Shipwreck. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 and, on that basis, deny the same.

17. The allegations in Paragraph 17 purport to characterize the June 12, 2025 request from the Maine Historic Preservation Commission for a determination of eligibility for the *Delhi* Shipwreck and the attached National Register of Historic Places Registration Form, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced documents, Defendants deny the allegations.

18. Defendants deny the allegations in Paragraph 18.

19. Defendants admit that on August 21, 2025, Michael Roller, Ph.D., an archeologist employed by the National Register and National Historic Landmarks Program, exercising the delegated authority of the Keeper of the National Register, determined that the *Delhi* shipwreck is eligible for listing in the National Register. Defendants deny any remaining allegations in Paragraph 19.

20. The allegations in Paragraph 20 purport to characterize the August 21, 2025 determination of eligibility for the *Delhi* Shipwreck, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced document, Defendants deny the allegations.

21. Defendants deny the allegations in Paragraph 21.

22. Defendants incorporate by reference Paragraphs 1-21 in response to the corresponding paragraphs of Plaintiff's Complaint.

23. The allegations in Paragraph 23 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the APA, Defendants deny the allegations.

24. The allegations in Paragraph 24 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the APA, Defendants deny the allegations.

25. The allegations in Paragraph 25 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the APA, Defendants deny the allegations.

26. Defendants admit the allegations in Paragraph 26.

27. The allegations in Paragraph 27 are legal conclusions to which no response is required. To the extent a response is required, Defendants admit the determination of eligibility of the *Delhi* shipwreck is a final agency action but deny any remaining allegations.

28. The allegations in Paragraph 28 are legal conclusions to which no response is required. They are also vague and ambiguous as to what "narrow reading" by the State of Maine is being referenced and as to what is meant by "the Keeper's complicity[.]" Thus, to the extent a response is required, Defendants deny the allegations.

29. The allegations in Paragraph 29 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

30. The allegations in Paragraph 30 are characterizations of Plaintiffs' claims in this case to which no response is required. To the extent a response is required, the allegations are denied. Defendants deny any alleged violation of law.

31.     The allegations in Paragraph 31 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

The remainder of the Complaint constitutes Plaintiff's prayers for relief, to which no response is required.  To the extent that a response is required, Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever.

## GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants deny any allegations in the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

## DEFENSES

1.     Some or all of Plaintiff's claims fail to state a claim on which relief may be granted.

Respectfully submitted February 6, 2026.

        ADAM R.F. GUSTAFSON
        Principal Deputy Assistant Attorney General
        Environment & Natural Resources Division

        */s/ Amanda K. Rudat*
        AMANDA K. RUDAT
        U.S. Department of Justice
        Environment & Natural Resources Division
        Natural Resources Section
        P.O. Box 7611
        Washington, D.C. 20044-7611
        Tel: 202-305-0575
        Fax: 202-305-0275
        amanda.rudat@usdoj.gov

        ***Counsel for Defendants***